UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT GEORGIA
WAYCROSS DIVISION

|  |  |  |
|---|---|---|
| | : | |
| GILBERTO GONZALEZ GONZALEZ, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | Civil Action No. 5:17-cv-00149-LGW-RSB |
| SHILOH BERRY FARM, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FLSA FAIRNESS DETERMINATION

Plaintiffs and Defendants, through their undersigned counsel, hereby move this Court for a fairness determination as to the settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") claims, and for an Order granting final approval of the Agreement and Release in this action.

Plaintiffs are thirty-three agricultural guest workers from Mexico who allege that Defendants failed to pay them for reimbursable expenses and for earned wages, and that Defendants retaliated against them for engaging in protected activity, in violation of both the FLSA and Plaintiffs' employment contracts with Defendants. This settlement will resolve all claims brought against the Defendants in this action pursuant to the proposed Agreement and Release attached as Exhibit A.

The settlement of FLSA claims for back wages brought by employees in a private lawsuit requires court approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A district court must "scrutiniz[e] the settlement for fairness," determining whether it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the court

finds the settlement to be fair, it may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 354.

I.      **The Agreement is a Fair and Reasonable Resolution of a Bona Fide Dispute**

Defendants have agreed to pay Plaintiffs a total of $63,000.00 in settlement of their claims, plus $3,450 in attorney's fees and costs. The settlement compensates Plaintiffs for 100% of the minimum wages allegedly owed to Plaintiffs under the FLSA. The settlement will also compensate Plaintiffs for 100% of the liquidated damages owed for Defendants' alleged minimum wage violations.

Because Plaintiffs have not compromised their minimum wage claims, the settlement is fair and reasonable. *See Williams v. Vidhi Invs., Inc.,* No. 6:14-cv-1559-Orl-40GJK, 2015 U.S. Dist. LEXIS 44189, at *8 (M.D. Fla. Apr. 1, 2015), *aff'd, Williams v. Vidhi Invs., Inc.,* No. 6:14-cv-1559-Orl-40GJK, 2015 U.S. Dist. LEXIS 44187, at *1 (M.D. Fla. Apr. 3, 2015) (holding that settlement was fair and reasonable because Plaintiff received full compensation for her FLSA claim). Moreover, the parties are engaged in a bona fide dispute. Defendants dispute the amount of unpaid wages and reimbursement owed to Plaintiffs under the FLSA. *Boswell v. Bonnaroo Rest. Grp. II, L.P.*, No. CV 115-165, 2016 U.S. Dist. LEXIS 23971, at *4 (S.D. Ga. Feb. 26, 2016) (finding settlement to be a fair and reasonable resolution of a bona fide dispute where the parties disputed coverage under the FLSA and the amount of unpaid wages that were owed).

The settlement also compensates Plaintiffs for 84% percent of the FLSA retaliation damages that Plaintiffs allege are owed, as well as a small amount of liquidated damages for retaliation. While the Court need not evaluate the FLSA retaliation portion of the settlement for

fairness,[1] the settlement of the retaliation claims is also fair and reasonable because there is a bona fide dispute as to whether Defendants terminated Plaintiffs in retaliation for the exercise of their rights under the FLSA.

In addition, the parties have agreed to settle before conducting discovery. The parties have evaluated the expense and risks associated with continuing litigation, and have determined that the settlement terms are in their best interest. *See Nichols v. Dollar Tree Stores, Inc.,* No. 1:13-CV-88, 2014 U.S. Dist. LEXIS 8421, at *3 (M.D. Ga. 2014) (holding settlement agreement that did not provide for liquidated damages was fair where there was "a 'bona fide dispute' over whether Plaintiff was entitled to overtime pay, and the Parties [chose] to settle in good faith in lieu of continued litigation.").

Under the agreement, Plaintiffs release their FLSA claims, as well as any claims against Defendants related to Plaintiffs' employment with Defendants in 2017. Defendants likewise release any claims against Plaintiffs related to their employment with Defendants in 2017. Some courts in this Circuit have denied approval of FLSA settlements where they contain a general release. *See e.g., Nichols v. Dollar Tree Stores, Inc.,* No. 1:13-CV-88 (WLS), 2013 U.S. Dist. LEXIS 156754, at *8-9 (M.D. Ga. 2013) (*Nichols I*). Here, however, the proposed release is more limited than a general release, is mutual, and is similar to those that have been approved by the Court. *See e.g., Tomason v. Stanley,* No. 6:13-cv-42, 2014 U.S. Dist. LEXIS 185455, at *10-11

---

[1] *Hernandez v. Iron Container, LLC*, No. 13-22170-CIV-GOODMAN, 2014 U.S. Dist. LEXIS 19781, at *3-5 (S.D. Fla. Feb. 18, 2014) (holding that "*Lynn's Food* and the FLSA do not compel the Court to approve the fairness of a FLSA retaliatory discharge settlement, *provided* that the terms of that settlement do not 'contaminate' or affect the settlement of the FLSA wage claim."). *See also Steele v. Presbyterian Ret. Cmtys., Inc.*, No. 6:17-cv-871-Orl-40KRS, 2017 U.S. Dist. LEXIS 165032, at *2 n.2 (M.D. Fla. Sep. 26, 2017); *Rives v. Ounze Corp., LLC*, No. 17-21467-CIV, 2017 U.S. Dist. LEXIS 130830, at *4 (S.D. Fla. Aug. 15, 2017); *Thompson v. Dealer Mgmt. Servs.*, No. 6:16-cv-1468-Orl-40KRS, 2016 U.S. Dist. LEXIS 180996, at *3 (M.D. Fla. Dec. 13, 2016); *Dunbar v. Wolf Bay Lodge, Inc.*, No. 15-00265-CG-M, 2015 U.S. Dist. LEXIS 143613, at *2-3 n.1 (S.D. Ala. Oct. 22, 2015).

Here, the settlement of Plaintiffs' retaliation claims does not "contaminate" the settlement of the FLSA wage claims, as Plaintiffs will receive full compensation for their FLSA wage claims under the Agreement.

(S.D. Ga. June 23, 2014) (approving FLSA settlement agreement that released "any other claims which could have been brought relating to [Plaintiffs'] pay, recruitment or discrimination."); *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-CV-53, 2014 U.S. Dist. LEXIS 144171, at *6-8 (S.D. Ga. Oct. 9, 2014) (approving FLSA settlement agreement that released "any other claims which could have been brought relating to [Plaintiffs'] pay or reimbursements while employed by Defendants.").

Moreover, Plaintiffs agreed to give up their rights to assert these claims in exchange for the mutual release and the settlement of Plaintiffs' FLSA and contract claims for retaliation. In *Nichols I*, the Court found a general release to be unfair because "Plaintiff would essentially be giving up unknown rights in exchange for nothing from Defendant beyond the FLSA claim." 2013 U.S. Dist. LEXIS 156754, at *9. In contrast, this release was agreed to in exchange for payment "beyond the FLSA claim." *Id. See also Prada v. DCS Enters.,* No. 2:16-cv-850-FtM-99CM, 2017 U.S. Dist. LEXIS 124068, at *8 (M.D. Fla. 2017) ("[C]ourts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA.").

Given the disputes about computing unpaid wages and the applicability of the FLSA retaliation provision, the risks in continuing to litigate, and that the settlement provides for significant monetary damages, including full compensation for minimum wage claims and substantial compensation for Plaintiffs' retaliation claims, the settlement is fair and reasonable.

## II.    The Attorney's Fees Provided by the Agreement are Reasonable

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant[.]" 29 U.S.C. § 216(b). Courts have characterized this language as mandating a fee award to a prevailing plaintiff in FLSA cases. *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir.

1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases"); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs."). To be considered a prevailing party in a FLSA settlement, the court must find the settlement, including the attorney's fees provided by the agreement, to be fair and reasonable. *Mayer v. Wall St. Equity Grp., Inc*., 514 F. App'x 929, 934 (11th Cir. 2013); *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009). In evaluating the reasonableness of the attorney's fees, typically, a district court multiplies the number of hours reasonably expended by the attorney on the litigation, by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Because Plaintiffs will be fully compensated for their minimum wage claims, the Court need not assess the reasonableness of the attorney's fees. *See Williams,* No. 6:14-cv-1559-Orl-40GJK, 2015 U.S. Dist. LEXIS 44189, at *8, *aff'd, Williams,* No. 6:14-cv-1559-Orl-40GJK, 2015 U.S. Dist. LEXIS 44187, at *1 (finding attorney's fees reasonable, even though parties did not provide the Court with evidence establishing counsel's rates and hours, because the plaintiff received full compensation for his FLSA claim). Moreover, the amount of attorney's fees sought "is so small and [] does not represent the total hours expended on this case." *Nichols v. Dollar Tree Stores, Inc.,* No. 1:13-CV-88 (WLS), 2014 U.S. Dist. LEXIS 8421, at *5-6 (finding attorney's fees reasonable without conducting traditional lodestar calculation because the fees were so small). While Plaintiffs' counsel expended significant time opposing Defendants' Motion to Set Aside Default and preparing for the hearing on Defendants' Motion, in addition to investigating and drafting the complaint, they seek only $3,000 in attorney's fees. As a result, the attorney's fees sought are more than reasonable.

5

The court costs are also reasonable. Plaintiffs seek to recover the $400 filing fee, and the costs of service, which were $50 in total. *Morris v. Augusta-Richmond Cty.*, No. 1:14-cv-196, 2017 U.S. Dist. LEXIS 40661, at *9 (S.D. Ga. Mar. 21, 2017) (finding $400 filing fee and service costs of $65 per hour or less to be recoverable).

Accordingly, the parties request that the Court approve the fairness of this settlement and enter the attached proposed Order approving the Agreement.

This 23rd day of July, 2018. Respectfully submitted,

<table>
<tr><td>For Plaintiffs:</td><td>For Defendants:</td></tr>
<tr><td>

/s/ *Lauren Hoff-Downing*
Lauren Hoff-Downing
Georgia Bar No. 626374
E-mail: lhoff-downing@glsp.org

/s/ *Solimar Mercado-Spencer*
Solimar Mercado-Spencer
Lead Counsel
Georgia Bar No. 686614
E-mail: smercado-spencer@glsp.org

/s/ *Lisa J. Krisher*
Lisa J. Krisher
Georgia Bar No. 429762
E-mail: lkrisher@glsp.org

Georgia Legal Services Program
104 Marietta Street NW, Suite 250
Atlanta, GA  30303
Phone: (404) 463-1633

</td><td>

/s/ *James A. Bishop*
James A. Bishop
State Bar No. 058600
E-mail: jbishop@bishopfirm.com
The Bishop Law Firm
Post Office Box 1396
Brunswick, Georgia 31521-1396
Phone: (912) 264-2390

</td></tr>
</table>

6

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 23, 2018, a true and correct copy of the foregoing JOINT

MOTION FOR APPROVAL OF SETTLEMENT AND FLSA FAIRNESS DETERMINATION

was electronically filed with the Clerk of the Court using the CM/ECF, which will send notice of

electronic filing to:

> James A. Bishop
> The Bishop Law Firm
> PO Box 1396
> Brunswick, GA 31521-1396
> jbishop@bishopfirm.com
> *Counsel for Defendants Shiloh Berry Farm, Inc. and Wesley Shane Wade*
>
> Jason M. Tate
> Roberts Tate, LLC
> Post Office Box 21828
> St, Simons Island, Georgia 31522
> jtate@robertstate.com
> *Counsel for Defendants Shiloh Berry Farm, Inc. and Wesley Shane Wade*

> */s/ Lauren Hoff-Downing*
> Counsel for Plaintiffs

I further certify that I have sent a copy of same via electronic mail to the following

address:

> Wendel Hall
> Hall Law Office, PLLC.
> 1200 G Street, N.W., Suite 800
> Washington, D.C. 20005
> wendel@halllawoffice.net
> *Counsel for Defendants Shiloh Berry Farm, Inc. and Wesley Shane Wade*

> */s/ Lauren Hoff-Downing*
> Counsel for Plaintiffs