# EXHIBIT A

## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between Plaintiffs[1] and Defendants Wesley Shane Wade and Shiloh Berry Farm, Inc. ("Defendants"), regarding the settlement of all claims asserted by Plaintiffs against Defendants in *Gilberto Gonzalez Gonzalez, et al. v. Shiloh Berry Farm, Inc., et al*, Case No. 5:17-cv-00149, United States District Court for the Southern District of Georgia, Waycross Division (the "Lawsuit").

The Plaintiffs have brought the Lawsuit against Defendants alleging various violations of federal law, in particular, the Fair Labor Standards Act (29 USC §§ 201 *et seq.*, "FLSA"), and Georgia contract law. The Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them on the terms and conditions hereinafter set forth.

In consideration of the mutual promises contained in this Agreement, the Plaintiffs and Defendants, having independently concluded that it is in their respective best interests to do so, agree as follows:

### A. Jurisdiction

The United States District Court for the Southern District of Georgia, Waycross Division (the "District Court") has jurisdiction over the parties and the subject matter of this action. If the Agreement is approved, the District Court will retain jurisdiction of the action with respect to the claims resolved by this Agreement solely for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

### B. Purpose and Benefit of Settlement Agreement

Although no party abandons any position taken in this Lawsuit, nor admits any wrong-doing, the parties believe that continued litigation with respect to the issues resolved by this Agreement would be protracted, expensive, uncertain, and contrary to their best interests. Thus, the parties believe that this Agreement is in the best interest of all parties, and is a fair and appropriate resolution of these issues.

### C. Court Approval of Settlement Agreement

On or about July 18, 2018, the parties will jointly submit this Agreement to the United States District Court for the Southern District of Georgia, Waycross Division ("the Court") together with a Motion for an Order approving the settlement of the Fair Labor Standards Act claims.

---

[1] Gilberto Gonzalez Gonzalez, Giezi Gonzalez Gonzalez, Hector Aparicio Mayo, Damian Baas Marquez, Diego Campechano Chapol, Marcelino Ciriaco Campos, Domingo Carrillo Hernandez, Benjamin Delgado Urbano, Fortino Dominguez Cortazar, Pedro Garcia Golpe, Donaciano Gomez Gapi, Gerardo Gonzalez Gonzalez, Felix Herrera Carvallo, Guadalupe Herrera Carvallo, Perfecto Herrera Martinez, Hugo Ignot Otapa, Jose Ixtepan Temich, Marco Ku Baas, Adan Landa Reyes, Moises Landa Reyes, Narciso Landa Sanchez, Emanuel del Jesus Lopez Velasco, Luis Molina Martinez, Luis Molina Prieto, Silvestre Morales Dominguez, Baltazar Morales Narvaez, Lorenzo Narvaez Narvaez, Isaias Ortiz Castelan, Nicolas Polito Chigo, Obed Ramirez Gonzalez, Jorge Salazar Morales, Edgar Vela Hernandez, and Ulises Velazquez Ramirez.

AGREEMENT AND RELEASE                    1

Should the Court deny the joint motion seeking approval of this Agreement with respect to the FLSA claims, the parties will make reasonable efforts to renegotiate the Agreement and shall seek Court approval of the renegotiated Agreement. If no mutually agreed settlement is approved by the Court, the Lawsuit will proceed as if no settlement had been attempted.

## D. Consideration for Settlement

In lieu of incurring litigation costs associated with litigating and/or defending the Lawsuit, and in consideration for Plaintiffs' and Defendants' execution of this Agreement, the parties jointly and severally, agree to the following:

1. Within ten (10) calendar days from the Court's order approving this settlement agreement, Defendants agree to pay the total amount of **$66,450.00**, (the "Settlement Funds"), payment of which shall be made as follows:

   (a) Defendants will issue individual **payroll checks payable to each Plaintiff**, for back wages paid in settlement of Plaintiffs' wage and retaliation claims under the FLSA and Georgia contract law. Each of these checks will be in the gross sum of **$1,500; for a total payment of $49,500.**

   (b) Defendants will issue a check for the total sum of **$13,500**, payable to **Georgia Legal Services Client Trust Account**, for Plaintiffs' non-wage damages, including liquidated damages and interest. This amount will be distributed to Plaintiffs by their attorneys; each Plaintiff will receive **$409.09**.

   (c) Defendants will issue a check for the sum of **$3,450.00**, payable to **Georgia Legal Services Program**. This payment represents attorney's fees and costs incurred by Plaintiffs' attorneys to pursue Plaintiffs' FLSA claims.

2. All payments shall be mailed via Certified Mail or other delivery service that can be tracked, to Plaintiffs' attorney, Lauren Hoff-Downing, Georgia Legal Services Program, 104 Marietta St., N.W., Ste. 250, Atlanta, GA 30303.

3. Defendants shall issue individual forms W-2 for the portion of the Settlement Funds representing wages and individual forms 1099 for the portion of the Settlement Funds representing non-wage damages, at the end of calendar year 2018 for each Plaintiff. Forms 1099 shall characterize the payment as "Other Income" in Box 3. Defendants shall mail these forms to Plaintiffs' attorney, Lauren Hoff-Downing, Georgia Legal Services Program, 104 Marietta St., N.W., Ste. 250, Atlanta, GA 30303.

4. The parties recognize that the Plaintiffs were employed pursuant to an H-2A visa and, therefore, their wages are not subject to Medicare or FICA withholdings.

AGREEMENT AND RELEASE                    2

5. To the extent that there are tax-related consequences arising from the payments made under this Agreement, the parties agree that they shall bear their own responsibility for such consequences and that neither party shall indemnify the other party for the consequences arising out of such payments.

6. If Defendants default in timely making the payments described above, Plaintiffs' attorney shall provide, via Certified Mail or other delivery service that can be tracked, a notice of default to Defendants. Defendants will have ten (10) calendar days from the date of receipt of the notice of default to pay the amount owed. In the event Defendants further default in making payment, Plaintiffs shall have the right, at their option, to either: (1) set aside and repudiate this Agreement and continue the Lawsuit; or (2) enforce the terms of this Agreement before the Court.

7. For the purposes of this Agreement, Plaintiffs shall be deemed to receive the Settlement Funds on the day the Settlement Funds are received by Plaintiffs' counsel.

8. Plaintiffs are represented by undersigned counsel who have experience in litigation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.  Counsel for all parties have discussed the parties' bona fide disputes between the parties. Moreover, Plaintiffs and their counsel represent that this Agreement compensates Plaintiffs for 100% of the compensatory and liquidated damages owed for Defendants alleged minimum wage violations under the FLSA.

## E. Mutual Releases

1. As a material inducement for each Party to enter into, and as consideration for, the Agreement, Plaintiffs hereby irrevocably and unconditionally release, acquit, and forever discharge Defendants as well as Defendants' employees, agents, attorneys, whether current or former, their successors, heirs, executors, and assigns; Defendant Wesley Shane Wade's wife, Theresa Wade; Defendant Shiloh Berry Farm, Inc.'s affiliated entity, Jeremiah Farms, Inc., and its employees, agents, attorneys, members, whether current or former, their successors, heirs, executors, and assigns (collectively, "Releasees"), of and from all H-2A related claims (including but not limited to 20 C.F.R. Part 655, Subpart B; 29 C.F.R. Part 501; and any other regulation relating to the H-2A visa program), from the FLSA and breach of contract claims asserted in the Amended Complaint, and from any other claims related to Plaintiffs' employment with Defendants in 2017.

   For their part, Defendants hereby irrevocably and unconditionally release, acquit, and forever discharge Plaintiffs as well as Plaintiffs' employees, agents, attorneys, whether current or former, their successors, heirs, executors, and assigns of and from all claims related to Plaintiffs' employment with Defendants in 2017.

2. Notwithstanding anything to the contrary in this section, the foregoing releases shall not apply to any claim, obligation, or duty arising from this Agreement.

3. Plaintiffs and Defendants agree that the releases set forth in this Section shall be effective upon the date that this Agreement is approved by the Court and shall remain in effect thereafter in all respects to the matters within the scope of the release.

**F.  Acknowledgments**

1. Plaintiffs acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of this Agreement. Plaintiffs further represent that they were provided with sufficient language translation services; that they have full legal capacity to enter into this Agreement; that they read this Agreement and understand its terms; and that they are agreeing to it knowingly and voluntarily.

2. Defendants acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of this Agreement. Defendants further represent that they have full legal capacity to enter into this Agreement; that they read this Agreement and understand its terms; and that they are agreeing to it knowingly and voluntarily.

**G.  Oral Modifications Prohibited**

This Agreement represents the entire agreement between the Plaintiffs and Defendants with respect to Plaintiffs' claims arising from their employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written document executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

**H.  Set Aside of Default and Stipulation of Dismissal**

Upon approval of this Agreement by the Court, the Parties will jointly present a Motion to Set Aside the Clerk's Entry of Default entered in the Lawsuit on January 30, 2018.

Within ten (10) days of receiving the Consideration for Settlement as provided in Section D herein, Plaintiffs shall execute and file a Stipulation of Dismissal with prejudice. If Plaintiffs fail to timely file a stipulation of dismissal, Defendants' attorney shall provide, via Certified Mail or other delivery service that can be tracked, a notice of default to Plaintiffs. Plaintiffs will have ten (10) calendar days from the date of receipt of the notice of default to file the stipulation of dismissal. In the event Plaintiffs further default in timely filing the stipulation of dismissal, Defendants shall have the right to enforce the terms of this Agreement before the Court.

**I.  Court Approval**

This Agreement is contingent upon its approval by the Court of the FLSA portion of this Agreement. If the Court orders modifications to this Agreement, the modified Agreement is contingent upon Court approval and upon the parties' agreement to the modifications. The parties shall take all steps as may be reasonably necessary to secure approval of the Agreement, to the extent not inconsistent with the terms of this Agreement, and they shall not take any action adverse to each other in obtaining approval by the Court.

AGREEMENT AND RELEASE                    4

## J. Miscellaneous

1. **Authority**. Plaintiffs' attorney represents that she is authorized to negotiate and execute this Agreement on behalf of Plaintiffs, in their individual capacities. Similarly, Defendants' attorney represents that he is authorized to negotiate and execute this Agreement on behalf of Defendants, in their individual capacities.

2. **Interpretation of the Agreement**. This Agreement shall be interpreted and enforced under the federal laws of the United States and under the laws of the State of Georgia without regard to its conflict of law provisions. Any claim arising out of or relating to the Agreement, or the subject matter hereof, shall be resolved solely and exclusively in the District Court, and the parties hereby consent to the personal jurisdiction and subject matter jurisdiction of the Court in connection therewith.

3. **Counterparts**. This Agreement may be executed in one or more originals or counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

4. Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including but not limited to, any interest in the Lawsuit.

5. This Agreement constitutes the entire agreement between the Plaintiffs and Defendants.

**For Plaintiffs**:

_____          7/13/2018
Lauren Hoff-Downing, Esq.                 Date
Georgia Legal Services Program


**For Defendants**:

_____          7/23/2018
James A. Bishop                           Date
The Bishop Law Firm


AGREEMENT AND RELEASE                 5